# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HOBART ZENTMYER,<br><br>                 Plaintiff,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                 Defendant. | CASE NO. 12CV0226-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendant United States of America (ECF No. 4) and the "Cross Motion for Summary Judgment" filed by Plaintiff John Hobart Zentmyer (ECF No. 7).

## BACKGROUND

On January 27, 2012, Plaintiff initiated this action, proceeding pro se, by filing a Complaint against the United States of America. (ECF No. 1).

On March 30, 2012, Defendant filed a motion to dismiss. (ECF No. 4). On May 4, 2012, Plaintiff filed a "Cross Motion for Summary Judgment" in response to Defendant's motion to dismiss. (ECF No. 7). On May 7, 2012, Defendant filed a reply in support of the motion to dismiss. (ECF No. 5). On May 8, 2012, Defendant filed an opposition to Plaintiff's cross motion for summary judgment. (ECF No. 8).

## ALLEGATIONS OF THE COMPLAINT

In the Complaint, Plaintiff alleges that the United States indicted Plaintiff in federal court in 2004 for income tax evasion, making false statements to a financial institution, and

structuring financial transactions.  Plaintiff alleges that he was convicted of these charges and began his thirty-three month sentence in April 2005.  In his second, third, and fourth claims against the United States, Plaintiff alleges that the 2004 charges against him "fail to comply with the case-or-controversy requirement of Article III" because the charges "do not allege offenses" or "allege only colorable offenses."  (ECF No. 1 at 4-7).  Plaintiff alleges that the October 2004 indictment is "constitutionally insufficient on its face because none of its counts compl[y] with the case-or-controversy requirement of Article III."  *Id.* at 8.  In his first claim against the United States, Plaintiff alleges that the United States has "illegally acquired the authority" to prohibit Plaintiff from using a firearm as a condition of his supervised release based on the "constitutionally-infirm process" which lead to his federal convictions.  *Id.* at 3.  Plaintiff requests "this Court to examine a present-day justiciable controversy and issue a declaratory judgment to the effect that the presentment which originated the controversy is constitutionally insufficient on its face."  *Id.* at 2.

## DISCUSSION

### I.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted

1  deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d
2  979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the
3  non-conclusory factual content, and reasonable inferences from that content, must be plausibly
4  suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d
5  962, 969 (9th Cir. 2009) (quotations omitted).

6  **II.     United States' Motion to Dismiss**

7        Defendant contends that Plaintiff's Complaint challenges his conviction and sentence
8  in the Central District of California and can only be filed as a motion under 28 U.S.C. § 2255
9  in the Central District of California.  Defendant further contends that Plaintiff has filed a
10 motion pursuant to § 2255 in the Central District and that Plaintiff has not obtained permission
11 from the Ninth Circuit Court of Appeals to file a second motion under § 2255.  Finally,
12 Defendant contends that any motion by Plaintiff under § 2255 regarding his conviction in the
13 Central District is time-barred.  Plaintiff contends that he "only questions the legality of
14 detention" and that the indictment is "insufficient as a matter of law and... this Court is
15 empowered to issue a ruling based solely on conclusions of law."  (ECF No. 7 at 4-5).

16       "In general, § 2255 provides the exclusive procedural mechanism by which a federal
17 prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.
18 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in
19 the sentencing court...." *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000).  28 U.S.C.
20 §2255 provides that "[a] prisoner under sentence of a court established by Act of Congress
21 claiming the right to be released upon the ground that the sentence was imposed in violation
22 of the Constitution or laws of the United States, or that the court was without jurisdiction to
23 impose such sentence, or that the sentence was in excess of the maximum authorized by law,
24 or is otherwise subject to collateral attack, may move the court which imposed the sentence
25 to vacate, set aside or correct the sentence."

26       A sentencing court is authorized to "vacate, set aside or correct the sentence" of a
27 federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution
28 or laws of the United States."  28 U.S.C. § 2255(a).  "[T]he Declaratory Judgment Act is not

a substitute for a § 2255 motion to correct a sentence...." *U.S. v. Gutierrez*, 116 F.3d 412, 415-16 (9th Cir. 1997). A second or successive motion pursuant to 28 U.S.C. § 2255 may only be filed with certification from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). The Court takes judicial notice that Plaintiff has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 USC § 2255 in the Central District Court of California. (Civil Case No. 09cv08964-ABC; Docket No. 1; C.D. Ca.). The Court takes judicial notice that Plaintiff's motion pursuant to 28 U.S.C. § 2255 in the Central District was denied for failing to show a denial of a constitutional right. (Civil Case No. 09cv08964-ABC; Docket No. 12; C.D. Ca.).

In this case, Plaintiff challenges the constitutional validity of his criminal sentence imposed by the Central District Court of California. The Complaint, properly construed as a motion pursuant to 28 U.S.C. § 2255, must be brought before the sentencing court, which is the Central District Court of California. Venue is improper in the Southern District Court. Accordingly, the Complaint is dismissed on the grounds of improper venue. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## CONCLUSION

IT IS HEREBY ORDERED THAT the Motion to Dismiss filed by Defendant the United States of America (ECF No. 4) is GRANTED. The Complaint filed by Plaintiff John Hobart Zentmyer is dismissed. The Cross Motion for Summary Judgment filed by Plaintiff (ECF No. 7) is DENIED as moot.

DATED: July 12, 2012

**WILLIAM Q. HAYES**
United States District Judge